UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON LIPPETT,

                  Plaintiff,

v.

CORIZON HEALTH,
DR. BETH CARTER,
DIANE HERRING,
SHARON DRAYELLING,
LISA ADRAY,
OFFICER JORDAN, and
M. PIECUCH,

                  Defendants.
_____/

Case No. 2:18-cv-11175
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

# ORDER DENYING PLAINTIFF'S SECOND MOTION TO COMPEL DISCOVERY (DE 28)

This Court's July 27, 2018 civil case management and scheduling order sets a fact discovery deadline of January 31, 2019. (DE 15.) Importantly, it cautions: "All discovery shall be served sufficiently in advance of the discovery cutoff to allow the opposing party sufficient time to serve responses under the Federal Rules of Civil Procedure prior to the close of discovery." (DE 15 at 4 ¶ E.)[1]

---

[1] The February 27, 2019 stipulated order extended the discovery deadline for the purpose of completing certain depositions only and extended the deadline for serving expert witness disclosures. (DE 34.) Presumably, a broader extension could have been negotiated into this order if the parties mutually agreed, but it is not clear to the Court whether a broader scope was even requested in the dealings

1

On January 8, 2019, Plaintiff served second interrogatories (No. 1) and requests to produce (Nos. 1-9). (DEs 28-3, 28-4.) Defendants Corizon and Carter's January 18, 2019 answers and response included objections, among them that the interrogatory and requests were untimely. (DE 28-5.)

Currently before the Court is Plaintiff's February 15, 2019 second motion to compel discovery, regarding which Defendants Carter and Corizon have filed a response. (DEs 28, 33.) The parties also submitted a joint list of unresolved issues. (DE 35.)

Judge Borman referred this motion to me for hearing and determination, and a hearing was held on March 18, 2018, at which attorneys Mark R. Bendure and Wedad Ibrahim appeared. (DEs 30, 32.) The Court entertained oral argument on the motion, after which the Court issued its ruling from the bench.

For the reasons stated on the record, all of which are incorporated herein by reference, Plaintiff's February 15, 2019 second motion to compel discovery (DE 28) is **DENIED**. In sum, Defendants' timeliness objection is **SUSTAINED**, because the discovery served on January 8, 2019 was untimely under the terms of the Court's case management order. As such, Defendants' other objections are rendered moot. Additionally, Plaintiff's February 15, 2019 motion does not

---

which led to this order; if so, it was apparently resisted. Thus, the global fact discovery deadline otherwise remained in place.

specifically request an extension of the January 31, 2019 fact discovery deadline, nor is there a pending motion for an extension of the discovery deadline. Even if the Court construed Plaintiff's instant motion as a request for an extension, and even if the Court found good cause under Fed. R. Civ. P. 6(b)(1), Plaintiff would also need to show that he "failed to act because of excusable neglect[,]" as Plaintiff's motion was filed "after the time has expired . . . ." Fed. R. Civ. P. 6(b)(1)(B). This standard has not been met, as Plaintiff was on notice of these timeliness objections approximately 13 days in advance of the discovery deadline (January 18 – January 31) and then waited an additional 15 days following the discovery deadline before filing the instant motion, without explanation.

**IT IS SO ORDERED.**

Dated: March 18, 2019

s/*Anthony P. Patti*
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on March 18, 2019, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti