UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON DESEAN LIPPETT,

    Plaintiff,

vs.

LISA ADRAY,

    Defendant.
_____/

Case No. 2:18-cv-11175

Paul D. Borman
United States District Judge

## **PRETRIAL CIVIL CASE SCHEDULING ORDER**

The following dates are set by the Court.

| | |
|---|---|
| Proposed Final Pretrial Order Due: | October 14, 2022 |
| Final Pretrial Conference: | October 24, 2022 at 3:00 p.m. |
| Trial Date: | TBD |
| Jury or Bench Trial: | Jury trial |

## CASE MANAGEMENT GUIDELINES

I.    **MOTION PRACTICE**

    **A. CONCURRENCE**: The Court requires strict compliance with E.D. Mich. L.R. 7.1(a) regarding seeking concurrence – not just "I called and the other party did not respond" – and the Court will strike pleadings and impose costs for failure to comply with the Local Rule.

    **B. FILING AND FORMAT OF PAPERS**: All briefs shall comply in all respects with Eastern District of Michigan Local Rules 5.1 and 7.1, in particular page limits, margins and 14 point fonts. Briefs for <u>all filed papers including motions, responses and replies</u> shall contain a table of contents, table of authorities, and an index. Unless specifically ordered otherwise by the Court, the parties shall follow the time limits set forth in E. Mich. L. R. 7.1.

    **C. COURTESY COPIES**: A courtesy copy of all motions and briefs must be delivered to chambers, either by First-Class Mail or hand delivery, the same day that the document is e-filed. The courtesy copy must bear the electronic file stamp on the top of each page. Copies must be appropriately bound, with the electronic file stamp fully visible on each page, i.e. do not bind the courtesy copy with a top prong fastener. No loose or single binder clip bound copies will be accepted by the Court. Exhibits must be tabbed and an Index of Exhibits provided. **Motion/brief should be bound/stapled separately from exhibits.**

2

D.  **CITATIONS TO AUTHORITY**: When citing to deposition testimony in a brief, reference the relevant page and line numbers, and include as an exhibit <u>the entire deposition transcript with the relevant passages highlighted</u>. Depositions must be printed "one page to one page" not "four to one page."  Any facts stated must be supported with citations to either pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.  Do not provide string citations to case law.  Focus on a few well-chosen cases, preferably recent, and from controlling courts (i.e., Supreme Court and Sixth Circuit).  When relying on unpublished cases, include a copy of the case with the Westlaw/Lexis citation in an Appendix of Cases.

E.  **RESOLUTION OF DISPUTED ISSUES**: If the parties resolve an issue that has been presented to the Court in a pending motion, the parties shall notify the Court immediately that the issue is no longer contested.  This communication can be via electronic mail to the Court's Case Manager (deborah_tofil@mied.uscourts.gov) or by a fax sent directly to chambers.

F.  **MOTIONS *IN LIMINE***: Motions *in Limine* and accompanying briefs must be supported by citation to and explication of supporting case law and not just citation to a Federal Rule of Evidence number.  In advance of filing any motion *in limine*, the parties must meet and confer regarding the merits of each and every potential motion *in limine* and attempt to resolve issues with stipulations

3

where possible. Each motion *in limine* that is filed with the Court must indicate that such a meet and confer has taken place and that the parties were unable to resolve the contested issue without intervention of the Court.

## II.   FINAL PRETRIAL PROCEDURES

### A.  PREPARATION OF THE JOINT FINAL PRETRIAL ORDER:

Counsel for all parties are directed to confer in person (face to face) in order to (1) reach any possible stipulations narrowing the issues of law and fact, (2) deal with non-stipulated issues in the manner stated in this paragraph and (3) exchange documents that will be offered in evidence at the trial. Counsel for plaintiff shall initiate that meeting and other counsel shall respond. If, after reasonable effort, any party cannot obtain the cooperation of other counsel to comply with this provision, they should communicate with the Court. Counsel shall meet sufficiently in advance of the date of the scheduled Final Pretrial Conference with the Court; furnish opposing counsel with a statement of the specific issues, eliminate issues about which there is no real controversy, and include in such statement issues of law as well as ultimate issues of fact from the standpoint of each party.

Counsel for plaintiff then will prepare a draft final pretrial order and submit it to opposing counsel, after which plaintiff's counsel will submit[1] the final draft through the Utilities/Proposed Orders function of CM/ECF on or before **October 14, 2022**. The final pretrial order should provide for the signature of the Federal District Judge, which, when signed, will become an Order of the Court.

**B.  COMPLIANCE WITH LOCAL RULE 16.2**.  The proposed pretrial order shall strictly comply with the provisions and requirements of Local Rule 16.2, except as this Court may otherwise provide.  The Attorneys will familiarize themselves with the pretrial rules and will come to the conference with full authority to accomplish the purposes of Rule 16 (including simplifying the issues, expediting the trial and saving expense to litigants).

**C.  PARTY ATTENDANCE AT FINAL PRETRIAL CONFERENCE.**  Counsel shall be prepared to discuss compromise and settlement possibilities at the final pretrial conference, set for **October 24, 2022 at 3:00 p.m.**, and shall appear with individuals who have full settlement authority.  Parties themselves, i.e. all parties who are natural persons and representatives on behalf of all other parties, must attend the final pretrial conference.

---

[1] Counsel for plaintiff has primary responsibility for preparation of the final pretrial order and submission to opposing counsel in ample time for revision and timely filing.  Nonetheless, full cooperation and assistance of all other counsel are required for proper preparation of the final pretrial order.

**D. CONTENTS OF THE JOINT FINAL PRETRIAL ORDER.** The Joint Final Pretrial Order shall be submitted through the document utilities function of the CM/ECF and must contain, under numbered and captioned headings, the following:

(1) **Jurisdiction**. The Parties shall state the basis for federal court jurisdiction, and whether jurisdiction is contested by any parties.

(2) **Plaintiff's Claims**. A brief statement of the claim or claims of plaintiffs, including legal theories.

(3) **Defendant's Claims**. A brief statement of the defenses or claims of defendants or third parties, including legal theories.

(4) **Stipulation of facts**. The parties shall state, in separately numbered paragraphs, all uncontested facts.

(5) **Issues of fact to be litigated**.

(6) **Issues of law to be litigated**.

(7) **Objections to exhibits**. The parties are instructed to meet and confer in person and to discuss the specific legal basis for each and every objection to an exhibit and attempt to resolve any objections in advance of the Final Pretrial Conference. If there is no resolution, then the objector must file a separate motion as to each exhibit objected to, specifying the legal basis for the objection. Do not merely direct the Court by just citing to Fed. R. Evid. 402 or 403; discuss the

specific relevant facts in the case, the relevant language in the Rule, and any applicable text in Sixth Circuit or District Court precedent. This process is mandatory and the Court will inquire at the Final Pretrial Conference as to the parties' efforts to resolve objections to exhibits as directed in this Order.

**(8)** **Witnesses**. Each party shall list the names of all witnesses, identifying which are experts, that it will call, and those witnesses it <u>may</u> call. No witness shall be listed who has not been included on any witness list submitted pursuant to a prior order of the Court. Only listed witnesses will be permitted to testify at trial, except for rebuttal witnesses whose testimony could not be reasonably anticipated before trial, or except for good cause shown.

**(9)** **Depositions**. The parties shall list the names of all witnesses not appearing at trial whose deposition testimony is reasonably expected to be offered as evidence. Nothing in this subsection shall preclude the taking of timely *de bene esse* depositions for use at trial.

**(10)** **Exhibits**. The parties shall number and list, with a short identifying description, each exhibit they intend to introduce at trial. Only listed exhibits will be considered for admission at trial, except for rebuttal exhibits that could not be reasonably anticipated before trial, or except for good cause shown.

**(11)** **Trial Exhibits**. Trial exhibits are to be numbered in advance of trial, Plaintiff beginning with 100, Defendant beginning with 500. Counsel, not the

Court, are responsible for keeping their exhibits during trial. Two additional copies of all exhibits will be required for use on the bench (Judge and Law Clerk) and a third copy for the Court Reporter. Counsel are to mark the exhibits, prior to trial, with exhibit stickers. Exhibits are not to be highlighted, underlined, or marked in any way (except with exhibit stickers) by counsel or any party. When the jurors commence their deliberations, counsel are to have all of their respective exhibits in the courtroom and in sequential order, so that at the request of the jurors they may immediately be sent into the jury room.

**(12)  Damages**.  Plaintiffs shall itemize all claimed damages, shall specify damages that can be calculated from objective data, and the parties shall stipulate to those damages that are not in dispute.

**(13)  Trial**.

(A)  Jury or non-jury.

(B)  Estimated length of trial in 9:00 a.m. to 1:00 p.m. days.

**(14)  Settlement**.  Counsel shall confirm that they have conferred in person and considered the possibility of settlement, giving the most recent place and date thereof, and indicate the current status of negotiations, as well as any plans for further discussions.

**(15)  Failure of Counsel to Cooperate**.    Failure of counsel to cooperate in the preparation of, to submit, or to strictly comply with the terms of, the Joint

Final Pretrial Order may result in dismissal of claims, default judgment, refusal to let witnesses testify or to admit exhibits, assessment of costs and expenses, including attorney fees, or other appropriate sanctions.

**(16)  Additional Requirements**.  The Judge, in an appropriate case, may add additional requirements to the Joint Final Pretrial Order, or may suspend application of the Rule in whole or in part.

Dated: September 9, 2022                                  s/Paul D. Borman
                                                                          Paul D. Borman
                                                                          United States District Judge