UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEON LIPPETT,

    Plaintiff,

v.

LISA ADRAY,

    Defendant.
_____/

Case No. 18-cv-11175

Hon. Sean F. Cox
United States District Court Judge

## ORDER DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT ON ATTORNEY LIEN (ECF No. 197)

In this prisoner civil-rights case, Plaintiff was represented by counsel, Mark Bendure, under a contingency-fee agreement. Bendure later withdrew and filed a charging lien on any proceeds recovered by his former client. The parties subsequently settled this case and the Court ordered the settlement amount to be deposited with the Court, dismissed Plaintiff's action with prejudice, and retained jurisdicion over Bendure's lien.

Plaintiff filed a *pro se* motion for a declaration that Bendure's lien is void. That motion remains pending, and it argues that Bendure's lien is void for three reasons.[1] *First*, Plaintiff invokes the Prisoner Litigation Reform Act. But that Act limits the attorneys' fees that courts may *award* a *prevailing plaintiff* in a prisoner civil rights case; it does *not* limit the amount that a plaintiff in such a case may *agree to pay* his or her lawyer. *See* 42 U.S.C. § 1997e(d). This challenge to Bendure's lien fails as a matter of law.

---

[1] Plaintiff's motion was fully briefed and the Court rules on it without a hearing. *See* E.D. Mich. L.R. 7.1(f)(2).

1

*Second*, Plaintiff argues that the amount of Bendure's lien prejudiced his ability to obtain new counsel in this case.  But if Plaintiff's retainer agreement gave rise to a valid lien and Bendure's subsequent conduct did not extinguish that lien, then any prejudice suffered by Plaintiff because of that lien is attributable to the retainer agreement (which Plaintiff consented to) and not the lien itself.  This challenge to the retainer agreement also fails as a matter of law.

*Third*, Plaintiff says that Bendure's conduct in this case defeats his lien.  "[Q]uantum meruit recovery of attorney fees" (which Bendure seeks here) "is barred when an attorney engages in misconduct that results in representation that falls below the standard required of an attorney . . . or when such recovery would otherwise be contrary to public policy."  *Reynolds v. Polen*, 564 N.W.2d 467, 470 (Mich. Ct. App. 1997).  Whether Bendure engaged in such conduct, however, is a question of fact that the Court ought not resolve on the briefs.

Accordingly, it is **ORDERED** that Plaintiff's Motion for Declaratory Judgment on Attorney's Lien (ECF No. 197) is **DENIED**.  The Court shall hold an evidentiary hearing on Bendure's lien.  At that hearing, Plaintiff may renew any argument that Bendure's conduct defeats his lien and offer facts supporting it.

**IT IS SO ORDERED**.

Dated: September 30, 2024                                  s/Sean F. Cox
                                                                              Sean F. Cox
                                                                              U. S. District Judge